IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JULIA SUSANNE SIGUENZA                                                              PLAINTIFF

           v.                          Civil No. 13-5059

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Julia Siguenza, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

**I.    Procedural Background:**

Plaintiff filed her application for DIB on June 15, 2010, alleging an onset date June 15, 2007, due to fibromyalgia, chronic upper and lower back pain, bipolar disorder, obsessive-compulsive disorder ("OCD"), panic attacks, depression, social anxiety, attention deficit hyperactivity disorder ("ADHD"), tic disorder, short-term memory loss, thyroid disease, irritable bowel syndrome ("IBS"), migraine headaches, insomnia, and fatigue. Tr. 12, 118-121, 131, 143, 147, 148, 171-172, 176, 179. Plaintiff's application was denied initially and on reconsideration.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

Tr. 66-70, 73-74. An administrative hearing was held on November 14, 2011. Tr. 32-65. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 34 years old, possessed a high school education and training as a certified nursing assistant. Tr. 26, 37-43, 120, 144-145, 163-170, 180, 185, 186, 192. Plaintiff had past relevant work ("PRW") experience as a hotel housekeeper. Tr. 26.

On January 18, 2012, the ALJ found Plaintiff's fibromyalgia, bipolar disorder, anxiety-related disorder, and obsessive-compulsive disorder ("OCD") to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform

> less than the full range of medium work as defined in 20 CFR 404.1564(c). Specifically, the claimant was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and push and/or pull consistent with lifting/carrying limitations. Additionally, the claimant was able to perform simple routine tasks and have superficial and incidental interaction with co-workers, supervisors, and the general public, where she could work in proximity to others but could not work in coordination with others to complete job duties.

Tr. 16. The ALJ then concluded that Plaintiff could perform her PRW as a hotel housekeeper. Tr. 26-27. With the assistance of a vocational expert, the ALJ also concluded Plaintiff could perform work as a machine packager, candy spreader, floor waxer, bagger, furit cutter, and poultry cleaner. Tr. 27.

On January 18, 2013, the Appeals Council declined to review the ALJ's decision. Tr. 1-6. Subsequently, Plaintiff filed this cause of action. This case is before the undersigned by

AO72A
(Rev. 8/82)

consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of

4

AO72A
(Rev. 8/82)

treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the record contains two RFC assessments completed by treating and/or examining sources. Dr. William McCollum has treated Plaintiff for bipolar disorder, OCD, ADHD, anxiety disorder, and a tic disorder since 2006. In November 2011, he provided a medical source statement of her ability to do work- related activities. Tr. 375-377. He found Plaintiff would have marked limitations in the follow areas: ability to understand and remember complex instructions; ability to make judgments on complex work-related decisions; ability to respond appropriately to usual work situations; and, ability to respond to changes in the work setting. Dr. McCollum explained that Plaintiff required multiple explanations, was often distracted, had been observed crying and distraught on several occasions, and reported having memory difficulties. He also documented recurrent irritability that affected interactions, disorganization that resulted in frequent tardiness, and memory problems requiring multiple explanations. Finally, Dr. McCollum noted that Plaintiff had "insomnia and associated daytime lethargy" and that she "often appears tired."

On February 9, 2012, after the ALJ issued her January 2011 opinion, Plaintiff underwent a mental diagnostic evaluation with Dr. Gene Chambers, a clinical neuropsychologist. Tr. 379-386. Dr. Chambers noted Plaintiff's extensive psychiatric history and reported that she experienced both manic and depressive phases, had severe mood swings, had panic attacks and exhibited obsessive-compulsive behaviors. Tr. 379, 381. He added that Plaintiff experienced racing thoughts and difficulty sleeping. Tr. 380. Dr. Chambers observed that Plaintiff's mood was "slightly elevated", and that she "did endorse having hallucinatory experiences." Tr. 381, 383. He also noted that Plaintiff had a history of a suicidal attempt. Tr. 383. Dr. Chambers diagnosed Plaintiff with bipolar disorder, most recent episode hypomanic; panic disorder with agoraphobia; and, obsessive- compulsive disorder with a global assessment of functioning score of 50-60. Dr. Chambers concluded Plaintiff was markedly impaired in her ability to understand and remember complex instructions; make judgments on complex work-related decisions; interact with the public, supervisors and co-workers, respond appropriately to usual work situations; and, respond to changes in the work setting.

Given that both doctors noted marked limitations in the areas of interacting with others, responding appropriately to work situations, and responding to changes in work setting, we believe remand is necessary. On remand, the ALJ is directed to specifically address the assessments of both Drs. McCollum and Chambers, accounting for both in a new opinion.

The ALJ seems to have placed improper weight on a positive drug test in 2010 and the evidence showing Plaintiff's periods of improvement. It should be noted that Plaintiff's positive drug test for PCP in 2010 could have resulted from her prescription for Lamictal. Glaxo Smith

6

Kline has published a Product Monograph indicating that Lamictal often results in a false positive for PCP. Glaxo Smith Kline, Inc., *Lamictal*, *27, http://www.gsk.ca/english/docs-pdf/product-monographs/Lamictal.pdf (October 22, 2013). Likewise, the ALJ is reminded that the evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id.* Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

V.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)